UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR SANCHEZ MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>FREITAS, et al.,<br><br>Defendants. | Case No. 23-cv-02508-HSG<br><br>**ORDER OF PARTIAL SERVICE** |

Plaintiff, an inmate at Santa Cruz County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

5   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a

6   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

7   violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

8   U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants the following Santa Cruz County Jail correctional officials: chief deputy D. Frietas; lieutenants C. Ramirez, B. Cleveland, Baldwin, and C. Shearer; and compliance officers John Reed, C. Crivello, and D. Robinson.  The complaint alleges that Santa Cruz County Jail ("SCCJ")'s new mail policy requiring that inmates receive their mail in electronic format violates the First Amendment and the Due Process Clause.  Pursuant to the new mail policy, persons wishing to send mail to SCCJ inmates must send their mail to Smart Communications in Florida.  Smart Communications scans the mail and the mail is made available on electronic tablets.  The mail is then shredded and destroyed after 30 days.  SCCJ inmates were never provided with a letter that explained the full extent of this policy or what would happen to mail after it was scanned.  There is one tablet available per six inmates.  Inmates fight over the tablets and hoard the tablets.  Inmates are only allowed to print eight pages a month, free of charge.  If a sender sends mail to SCCJ, neither the sender not the inmate recipient are notified that the facility has forwarded their mail to Smart Communications in Florida.  Large groups and gangs control the tablets, "resulting in other inmates never getting a chance to use them."  The stated purpose of this new mail policy is to reduce incoming contraband, but because this is a small facility, this goal could be achieved by the easy alternative of manually inspecting the mail. The named defendants are liable because they all agreed on this policy, ignored Plaintiff's complaints, "and refused to accept the fact that now tablets are a right."  Plaintiff requests that the Court either strike down this policy or provide each inmate with a tablet.  Plaintiff also requests

1    $1,000 in damages from each defendant so that may cover the costs of filing this action. *See*
2    *generally* Dkt. No. 1.
3          Liberally construed, the allegation that the new mail policy has deprived Plaintiff of his
4    personal property without due process of law states a cognizable Fourteenth Amendment due
5    process claim. *See Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974) (prisoners have protected
6    due process interest in their personal property); *Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984)
7    (authorized, intentional deprivation of property is actionable under Due Process Clause).
8          However, the Court DISMISSES the First Amendment claim with leave to amend.
9    Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d
10   264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). However, it
11   does not appear that Plaintiff has been denied access to his mail. Plaintiff reports accessing his
12   mail through the tablets. Although Plaintiff claims that the new mail policy has resulted in some
13   inmates having no access to their mail due to other inmates restricting access to the tablets,
14   Plaintiff does not have standing to bring claim on behalf of other inmates. Under the prudential
15   limitations of standing, "'a litigant must normally assert his own legal interests rather than those of
16   third parties.'" *Fleck & Assocs., Inc. v. Phoenix*, 471 F.3d 1100, 1104 (9th Cir. 2006) (citing
17   *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985)). *Pro se* plaintiffs are also generally
18   prohibited from pursuing claims on behalf of others in a representative capacity. *See Simon v.
19   Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Plaintiff may only bring suit for injuries
20   that he has suffered, and not for concerns about other inmates' injuries. Because Plaintiff does not
21   allege that he has not received his mail at all, the Court DISMISSES the First Amendment claim
22   with leave to amend so that Plaintiff may clarify how the receipt of mail in electronic format
23   violates his First Amendment right to receive mail. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th
24   Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured
25   by the allegation of other facts).

**CONCLUSION**

27         For the reasons set forth above, the Court orders as follows.
28         1.    Liberally construed, the complaint's claim that defendants Santa Cruz County Jail

chief deputy D. Frietas; lieutenants C. Ramirez, B. Cleveland, Baldwin, and C. Shearer; and compliance officers John Reed, C. Crivello, and D. Robinson knowingly implemented a mail policy that deprived Plaintiff of his physical mail states a cognizable Fourteenth Amendment due process claim for deprivation of property. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint (Dkt. No. 1), with all attachments thereto, and a copy of this order upon **defendants Santa Cruz County Jail chief deputy D. Frietas; lieutenants C. Ramirez, B. Cleveland, Baldwin, and C. Shearer; and compliance officers John Reed, C. Crivello, and D. Robinson at Santa Cruz County Jail, 259 Water Street, Santa Cruz CA 95060**. A courtesy copy of the operative complaint with attachments and this order shall also be mailed to the Santa Cruz County Counsel, at 701 Ocean Street, Room 505, Santa Cruz CA 95060.

    2.    The Court DISMISSES the First Amendment claim with leave to amend. If Plaintiff wishes to amend this claim, Plaintiff shall, within twenty-eight (28) days of the date of this order, file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. 23-02508 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present, including the Fourteenth Amendment claim found cognizable above, and all of the defendants he wishes to sue, including the defendants ordered served above, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in Dkt. No. 1 remaining the operative complaint. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

    3.    In order to expedite the resolution of this case, the Court orders as follows:

        a.    No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the

4

1  opinion that this case cannot be resolved by summary judgment, Defendants must so inform the
2  Court prior to the date the motion is due.  A motion for summary judgment also must be
3  accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what
4  is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.
5  2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be
6  served concurrently with motion for summary judgment).[1]

          b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

          c.      Defendants shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

      4.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit

---

[1] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 9/27/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge