UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR SANCHEZ MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>FREITAS, et al.,<br><br>Defendants. | Case No. 23-cv-02508-HSG<br><br>**ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT; DENYING AS MOOT REQUEST FOR EXTENSION OF TIME AND REQUEST TO STRIKE; ORDERING PLAINTIFF TO FILE OPPOSITION TO MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 13, 19, 20 |

Plaintiff, an inmate at Santa Cruz County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. This order addresses the following motions: Plaintiff's motion for an extension of time to file his amended complaint, Dkt. No. 13; Plaintiff's motion for leave to file an amended complaint, Dkt. No. 19; and Defendants' motion to strike the amended complaint, Dkt. No. 20.

**DISCUSSION**

**I.   Procedural Background**

On or about May 23, 2023, Plaintiff commenced this action by filing the complaint docketed at Dkt. No. 1. Dkt. No. 1.

On September 27, 2023, the Court found that the complaint stated the following cognizable claim for relief: Santa Cruz County Jail's new mail policy requiring that inmates receive their mail in electronic format has deprived Plaintiff of his personal property without due process of law, in violation of the First Amendment. The Court dismissed with leave to amend the claim that the new mail policy violated Plaintiff's First Amendment right to send and receive mail because the complaint that other inmates had been unable to access their mail because of lack of access to the tablets, but did not allege that Plaintiff has been unable to access their mail. The Court granted

1   Plaintiff leave to amend his First Amendment claim to clarify how the receipt of mail in electronic

2   format had denied him his First Amendment right to receive mail.  The Court ordered Plaintiff to

3   file an amended complaint by October 25, 2023, and informed him that the failure to comply with

4   this deadline would result in Dkt. No. 1 remaining the operative complaint.  *See generally* Dkt.

5   No. 4.  On October 23, 2023, the Court granted Plaintiff an extension of time to November 27,

6   2023, to file an amended complaint.  Dkt. No. 8.  On November 24, 2023, Plaintiff requested a

7   final extension of time to file an amended complaint, stating that he wished to add additional

8   claims and defendants, so that he could avoid excessive filings and prosecuting multiple actions

9   simultaneously.  Dkt. No. 13.

10         On November 20, 2023, Defendants filed a motion to dismiss the complaint, arguing that

11   the complaint must be dismissed because it fails to plead that the mail policy is not rationally

12   related to any legitimate penological interest and because the mail policy satisfies all three relevant

13   *Turner* prongs as a matter of law.  Dkt. No. 11.

### II.   Plaintiff's Motion Requesting an Extension of Time to File Amended Complaint (Dkt. No. 13) and Requesting Leave to File Amended Complaint (Dkt. No. 19), and Defendants' Request to Strike (Dkt. No. 20)

17         The Court DENIES Plaintiff's request for an extension of time to file an amended

18   complaint, Dkt. No. 13, because, as discussed below, Plaintiff's proposed amended complaint,

19   docketed at Dkt. No. 19, fails to state any cognizable claim for relief.  An amended complaint

20   supersedes the original, the latter being treated thereafter as non-existent.  *Ramirez v. Cty. Of San*

21   *Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Consequently, claims not included in an

22   amended complaint are no longer claims and defendants not named in an amended complaint are

23   no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Allowing

24   Dkt. No. 19 to serve as the amended complaint would result in the amended complaint

25   superseding the initial complaint; the initial complaint's cognizable claim regarding the jail's

26   electronic mail policy being waived; and the dismissal of Dkt. No. 19 with leave to amend.

27   Because Dkt. No. 19 fails to state a cognizable claim for relief, the Court will construe Dkt. No. 19

28   as a motion requesting leave to file an amended complaint.  The Court DENIES leave to file the

United States District Court
Northern District of California

proposed amended complaint at Dkt. No. 19 because amendment would be futile.

Fed. R. Civ. P. 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). However, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

The proposed amended complaint docketed at Dkt. No. 19 fails to state any cognizable claims for relief. Specifically, the proposed amended complaint suffers from the following deficiencies.

First, the proposed amended complaint is simply a laundry list of jail policies and customs that Plaintiff takes issue with. The proposed amended complaint does not identify any federal law or constitutional provision that has been violated by the challenged jail policies or customs.

Second, the proposed amended complaint does not sufficiently link any of the named defendants to the challenged jail policies or customs. While Fed. R. Civ. P. 8 does not require a complaint to set forth detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The general statement that the named defendants "together are responsible for all current conditions of [Plaintiff's] confinement, . . . handle all grievances . . . have the last word when it comes to every decisions (sic) made I have taken all my grievances to them . . . yet they all chosen to ignore my pleas and continue to violate our rights with the way they do things" fails to sufficiently link each named defendant to the challenged jail policies or customs. In Dkt. No. 1 (the initial complaint), Plaintiff challenged one policy – the mail policy – and alleged that he had informed each of the named defendants of the problems caused by the mail policy. Liberally construed, in this particular context, these allegations were sufficient to link the named defendants to the alleged constitutional violation. In the proposed amended complaint, however, Plaintiff challenges five jail policies, on vague and personal grounds, and then conclusorily states that the named defendants "together are responsible for all current conditions of my confinement, not only

3

1    do they handle all grievances but they have the last word when it comes to every decision made."
2    Dkt. No. 19 at 9.  In this particular context, Plaintiff appears to hold the named defendants
3    responsible for all jail conditions solely because of their supervisory position and their
4    participation in reviewing his grievances.  Generally speaking, such allegations are insufficient to
5    state Section 1983 liability.  There is no respondeat superior liability under § 1983, i.e., liability
6    solely because a defendant is a supervisor or otherwise responsible for the actions or omissions of
7    another.  *See Mortimer v. Baca*, 594 F.3d 714, 721 (9th Cir. 2010); *see also Jeffers v. Gomez*, 267
8    F.3d 895, 915 (9th Cir. 2001) (prison supervisory official entitled to summary judgment on Eighth
9    Amendment excessive for claim arising out of injuries sustained by prisoner-plaintiff in riot
10   because official had no direct involvement or direct management responsibility for quelling riot).
11   And a prison official's denial of an inmate's grievance generally does not constitute significant
12   participation in an alleged constitutional violation sufficient to give rise to personal liability under
13   Section 1983.  *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL
14   839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative complaint does
15   not cause or contribute to constitutional violation).  A prisoner has no constitutional right to an
16   effective grievance or appeal procedure.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.
17   2003) (holding that prisoner has no constitutional right to effective grievance or appeal
18   procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of
19   entitlement to a grievance procedure.").  Because the proposed amended complaint's allegations
20   regarding Defendants' involvement in the mail policy are more conclusory than the allegation in
21   the initial complaint, the proposed amended complaint fails to state a cognizable constitutional
22   claim regarding the mail policy.

23          Third, the proposed amended complaint's fourth claim challenging the denial of contact
24   visits to male inmates fails as a matter of law because prisoners have no constitutional right to
25   contact or conjugal visitation.  *See Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994).

26          The Court DENIES Plaintiff leave to file the proposed amended complaint docketed at
27   Dkt. No. 19; DENIES as moot his request for an extension of time to file an amended complaint,
28   Dkt. No. 13; and DENIES as moot Defendants' request to strike Dkt. No. 19, Dkt. No. 20.

4

1   The denial is without prejudice to Plaintiff filing a renewed request to file an amended complaint. If Plaintiff seeks to file a renewed request to file an amended complaint, Plaintiff should comply with N.D. Cal. L. R. 10-1, which requires that any party moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference. Plaintiff should also address the deficiencies identified above in any proposed amended complaint. Plaintiff is cautioned that a civil rights action is not a place to air all the concerns that he has with jail policies. Plaintiff is reminded that he should only bring suit regarding actions or policies that violate his constitutional rights. If Plaintiff is challenging allegedly unconstitutional jail policies, Plaintiff should consider whether the proper defendant may be Santa Cruz County instead of individual correctional officers.[1]

## III. Setting Briefing Schedule

Defendants have filed a motion to dismiss. Plaintiff's opposition was due December 18, 2023. Plaintiff has not yet filed an opposition, and his opposition is long overdue. Plaintiff is ordered to file his opposition to Defendants' motion to dismiss by July 17, 2024. Defendants shall file their reply in support of their motion to dismiss by August 17, 2024. The motion will be deemed submitted as of August 17, 2024, and no hearing will be held on the motion.

---

[1] Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted); *see Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Generally, "a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).
To properly plead a claim under *Monell*, it is insufficient to allege simply that a policy, custom, or practice exists that caused the constitutional violations. *AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). Pursuant to the more stringent pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007), a plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief. *AE*, 666 F.3d at 636-37 (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), which summarized new pleading standards derived from *Iqbal*, *Twombly* and related Supreme Court decisions).

5

If Plaintiff fails to file an opposition by the deadline set forth above, the Court will decide the motion to dismiss on the record before the Court.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court DENIES as moot Plaintiff's request for an extension of time to file an amended complaint. Dkt. No. 13.

2. The Court DENIES Plaintiff leave to file the proposed amended complaint docketed at Dkt. No. 19. Dkt. No. 19.

3. The Court DENIES as moot Defendants' motion to strike Dkt. No. 19. Dkt. No. 20.

4. The Court ORDERS Plaintiff to file his opposition to Defendants' motion to dismiss by July 17, 2024. Defendants shall file their reply in support of their motion to dismiss by August 17, 2024. The motion will be deemed submitted as of August 17, 2024, and no hearing will be held on the motion.

This order terminates Dkt. Nos. 13, 19, 20.

**IT IS SO ORDERED.**

Dated: 6/17/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge